IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arnold Contreras, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ASARCO LLC, et al.,<br><br>　　　　Defendants. | No. CV-18-03495-PHX-SRB<br><br>**JUDGMENT** |

This action was decided by Judge Susan R. Bolton on February 22, 2022 on a Motion for Summary Judgment filed by Defendants ASARCO LLC and ASARCO Retiree Medical Plan. Dkt. # 178.

On July 29, 2019, the Court certified two plaintiff/cross-defendant subclasses, the Pre-2007 Ray Retirees and the Post-2007 Retirees, pursuant to Federal Rule of Civil Procedure 23(b)(1). Dkt. #87. The plaintiff/cross-defendant subclasses are described as:

**(1) Pre-2007 Ray Retirees**

All former union-represented employees of ASARCO's Ray Unit who retired (other than deferred vested) under the ASARCO Retirement Income Plan for Hourly-Rated Employees between November 30, 1986 and December 31, 2006 and their

spouses and eligible dependents, provided that such former employees, spouses, and eligible dependents were either (i) eligible for Medicare and receiving retiree medical and prescription drug benefits from ASARCO, or (ii) could become eligible in the future to receive retiree medical and prescription drug benefits from ASARCO after becoming Medicare-eligible.

**(2) Post-2007 Retirees**

All former union-represented employees of ASARCO who retired (other than deferred vested) under the ASARCO Retirement Income Plan for Hourly-Rated Employees between January 1, 2007 and November 30, 2015 (including anyone who provided the requisite notice by November 30, 2015 and then retired within 180 days of providing the notice) and their spouses and eligible dependents, provided that such former employees, spouses, and eligible dependents were either (i) eligible for Medicare and receiving medical and prescription drug benefits from ASARCO, or (ii) could become eligible in the future to receive medical and prescription drug benefits from ASARCO after becoming Medicare-eligible.

IT IS THEREFORE ORDERED AND ADJUDGED that plaintiffs/cross-defendants Arnold Contreras, and Homer B. Ortega, as representatives of the Pre-2007 Ray Retirees, and Tony M. Meza, Charles M. Estrada, Celestino W. Flores, as representatives of the Post-2007 Retirees, and the Pre-2007 Ray Retirees plaintiff/cross-defendant subclass, and the Post-2007 Retirees plaintiff/cross-defendant subclass, and plaintiffs/cross-defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC, USW

Locals 886-02, 915, and 5252, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Local 104, International Brotherhood of Electrical Workers, Locals 518, 570, and 602, International Association of Machinists and Aerospace Workers, Local 519, International Union of Operating Engineers, Local 428, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmith, Forger and Helpers, Local 627, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local 469, and Millwrights and Machine Erectors Local 1607, recover nothing from defendants/cross-plaintiffs ASARCO LLC and ASARCO Retiree Medical Plan on Counts I and II of the Consolidated Class Action Complaint filed on August 8, 2019 and Judgment is entered in favor of defendants/cross-plaintiffs on these counts.

IT IS FURTHER ORDERED AND ADJUDGED that Judgment be entered in favor of defendants/cross-plaintiffs ASARCO LLC and ASARCO Retiree Medical Plan and against plaintiffs/cross-defendants Arnold Contreras, and Homer B. Ortega as representatives of the Pre-2007 Ray Retirees, and Tony M. Meza, Charles M. Estrada, Celestino W. Flores, as representatives of the Post-2007 Retirees, and the Pre-2007 Ray Retirees plaintiff/cross-defendant subclass, and the Post-2007 Retirees plaintiff/cross-defendant subclass, and plaintiffs/cross-defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC, USW Locals 886-02, 915, and 5252, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Local 104, International Brotherhood of Electrical Workers, Locals 518, 570, and 602, International Association of

Machinists and Aerospace Workers, Local 519, International Union of Operating Engineers, Local 428, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmith, Forger and Helpers, Local 627, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local 469, and Millwrights and Machine Erectors Local 1607, on Crossclaims I through IV for declaratory relief filed on August 23, 2019, as follows hereafter.

With regard to Crossclaims I and II, the Court now DECLARES that ASARCO and the ASARCO Retiree Medical Plan have the right, under the 2007 Basic Labor Agreement, the 2007 Settlement Agreement resolving the 2003 retiree healthcare lawsuit, the Labor Management Relations Act, the Employee Retirement Income Security Act, and the 2002 Ray SPD, to amend and terminate the medical and prescription drug benefits for the Post-2007 Retirees subclass.

With respect to Counts III and IV, the Court now DECLARES that ASARCO LLC and ASARCO Retiree Medical Plan have the right, under the 2007 Basic Labor Agreement, the 2007 Settlement Agreement resolving the 2003 retiree healthcare lawsuit, the 1986, 1990, 1993, 1996 and 2002 collective bargaining agreements involving the ASARCO Ray Unit, the Labor Management Relations Act, the Employee Retirement Income Security Act, and the 1986, 1993 and 2002 Ray SPDs, to amend and terminate the medical and prescription drug benefits for the Pre-2007 Ray Retirees subclass.

IT IS FURTHER ORDERED AND ADJUDGED that ASARCO LLC and the ASARCO Retiree Medical Plan recover their costs of suit from plaintiffs/cross-defendants Arnold Contreras, and Homer B. Ortega as representatives of the Pre-2007 Ray Retirees,

and Tony M. Meza, Charles M. Estrada, Celestino W. Flores, as representatives of the Post-2007 Retirees, and the Pre-2007 Ray Retirees plaintiff/cross-defendant subclass, and the Post-2007 Retirees plaintiff/cross-defendant subclass, and plaintiffs/cross-defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC, USW Locals 886-02, 915, and 5252, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Local 104, International Brotherhood of Electrical Workers, Locals 518, 570, and 602, International Association of Machinists and Aerospace Workers, Local 519, International Union of Operating Engineers, Local 428, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmith, Forger and Helpers, Local 627, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local 469, and Millwrights and Machine Erectors Local 1607.  ASARCO LLC and ASARCO Retiree Medical Plan may file Bills of Costs within fourteen days following entry of Judgment.

On January 19, 2021, plaintiffs/cross-defendants filed a notice of death of Joe D. Rios. Dkt. # 128.  No motion for substitution has been filed.  Subject to the terms of this Judgment with respect to the Pre-2007 Ray Retirees plaintiff/cross-defendant subclass

. . .

. . .

. . .

. . .

and without affecting same, and pursuant to Federal Rule of Civil Procedure 25(a), all claims by and against Joe D. Rios are dismissed.

Dated this 29th day of March, 2022.

_____
Susan R. Bolton
United States District Judge