# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arnold Contreras, et al., | **Case No.: 2:18-cv-03495-SRB** |
| Plaintiffs/Cross-Defendants, | |
| v. | |
| ASARCO LLC, et al,, | CLASS ACTION |
| Defendants/Cross-Plaintiffs. | **ORDER GRANTING PLAINTIFFS' CONSENT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

Plaintiffs and ASARCO have entered into a Settlement Agreement to resolve the claims in this class action litigation. The Settlement Agreement appears in the record at ECF No. #219-1.[1] On January 24, 2023, this Court granted Plaintiffs' Consent Motion for Preliminary Approval of Class Action Settlement Agreement and directed that Notice be sent to the Class Members. (ECF No. 226). On April 13, 2023, Plaintiffs filed a Consent Motion for Final Approval of Class Action Settlement Agreement and on April 27, 2023 this Court held a Final Fairness Hearing to determine whether the Settlement Agreement was fair, reasonable, and adequate.

Now before the Court is Plaintiffs' Consent Motion for Final Approval of Class

---

[1] Capitalized terms used herein, unless otherwise noted, have the meaning given to them in the Settlement Agreement.

Action Settlement Agreement. The Court, having reviewed the motion, supporting memorandum of law, the Settlement Agreement, and the entire record in this case, hereby **ORDERS** that the motion is **GRANTED.** The Court orders as follows:

1. The Settlement is finally approved as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23(e)(2).

2. In reaching this conclusion, as required by Rule 23, the Court has considered whether:

    (A) the class representatives and class counsel have adequately represented the class;

    (B) the proposal was negotiated at arm's length;

    (C) the relief provided for the class is adequate, taking into account:

        (i) the costs, risks, and delay of trial and appeal;

        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

3. The Court finds that consideration of each of these points favors approval of the Settlement.

4. The Court finds that Class Representatives and Class Counsel have adequately represented the Class. Class Counsel has significant experience in retiree healthcare litigation of this sort and brought that experience to bear in litigating this matter from inception through discovery, summary judgment briefing, and the negotiation of the Settlement Agreement.

5. The Court finds that the Settlement was negotiated at arms' length in serious, informed negotiations. It was negotiated by experienced Class Counsel after four years of

highly contested litigation under the auspices of the Ninth Circuit Court of Appeals Mediation Program with the assistance of Ninth Circuit mediator Roxanne Ashe.

6. The Court finds that the Settlement provides adequate relief to the Class. The Settlement provides that Plaintiffs will forgo pursuit of their appeal. That appeal would be risky, costly, and time-consuming endeavor: to prevail Plaintiffs would have to succeed in having the Court's ruling reversed by the Ninth Circuit and then prevail at trial as to liability, with a subsequent proceeding to address damages. In exchange for abandoning that appeal, ASARCO will guarantee the medical benefit coverage that it currently provides for the Class through June 30, 2025, and a $500 cash payment to those Medicare-eligible Class Members not currently eligible for those benefits, notwithstanding this Court's judgment that ASARCO maintains the right to unilaterally amend or even terminate those benefits. This bargain provides a tangible and valuable benefit to the Class and provides automatic relief without requiring any affirmative action on the part of Class Members to participate. Moreover, the Settlement Agreement does not improperly grant preferential treatment to Class Representatives, any segment of the Class, or Class Counsel, as the agreement provides that both sides will bear their own attorneys' fees, costs, and expenses. No agreements required to be identified under Rule 23(e)(3) are at issue.

7. Finally, the Court finds that the Settlement treats Class Members equitably relative to each other, as under the Settlement each Class Member eligible for ASARCO retiree healthcare coverage is entitled to the same right: the continuation of the retiree healthcare benefits currently provided by ASARCO through at least June 30, 2025. The only differences in the relief provided among Class Members is that (i) ASARCO provides a different benefit plan to Medicare-eligible Class Members than it does to pre-Medicare Class Members and (ii) Medicare-eligible Class Members who are not eligible for the HRA and Catastrophic Coverage because they are not currently enrolled in the coverages will receive a payment of $500 instead. The Court finds that these differences in treatment are the result of the practical realities of ASARCO's plan administration and do not render the

Settlement inequitable.

8. The Court also finds that consideration of the eight factors enumerated in decisions of the Ninth Circuit such as *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) likewise leads to the conclusion that the Settlement should be approved.

9. With respect to the first factor, "the strength of the plaintiffs' case," this Court ruled in favor of ASARCO and against Plaintiffs based upon the language of the parties' collective bargaining agreement and the extrinsic evidence before the Court on summary judgment. With respect to the second factor, "the risk, expense, complexity, and likely duration of further litigation," to prevail Plaintiffs would have to succeed in having the Court's ruling reversed by the Ninth Circuit and then prevail at trial as to liability, with a subsequent proceeding to address damages; a long, costly, and risky endeavor. With respect to the fourth factor, "the amount offered in settlement," the Settlement provides that ASARCO will guarantee the medical benefit coverage that it currently provides for the Class through June 30, 2025, and a $500 cash payment to those Medicare-eligible Class Members not currently eligible for those benefits, notwithstanding this Court's judgment in ASARCO's favor. With respect to the fifth factor ("the extent of discovery completed and the stage of the proceedings") and the sixth factor ("the experience and views of counsel"), the Settlement was negotiated by experienced Class Counsel after discovery was completed and after this Court's summary judgment ruling in favor of ASARCO. Finally, with respect to the eighth factor, the Court finds that the "reaction of the class members" is evidence of a generally favorable reaction to the Settlement since only one Class Member has filed a timely objection. Considered holistically, the Court finds that the Settlement is fair, reasonable, and adequate in light of these considerations as well.

10. The Court overrules the objection of Larry Baxter at ECF No. 228. Mr. Baxter's objection is in essence a request for "better" settlement terms, and does not provide grounds to reject the Settlement.

11. The Court find that the Notice to the Class, as previously approved in this

Court's Preliminary Approval Order, meets with the requirements of Fed. R. Civ. P. 23(e) and due process and fairly presents the terms of the Settlement Agreement and the Class Members' rights in the settlement approval process. The mailing of the Notice to Class Members provided due and sufficient notice of the nature of the Litigation, the Settlement's general terms, and the time and place of the Final Fairness Hearing and the process for objecting to the Settlement.

12. The Court finds that the parties have complied with the Class Action Fairness Act.

13. This action is dismissed with prejudice as to all parties.

14. The parties are directed to consummate the Settlement according to the terms and conditions of the Settlement Agreement, which is incorporated into this Order.

15. Without affecting the finality of this Order in any way, the Court retains continuing jurisdiction over enforcement of this Order and the enforcement of the Settlement Agreement.

Dated this 27th day of April, 2023.

_____
Susan R. Bolton
United States District Judge